**In re Petition for DISCIPLINARY ACTION AGAINST Thomas M. BRUDVIG, an Attorney at Law of the State of Minnesota.**

No. C1–93–1092.

Supreme Court of Minnesota.

Jan. 22, 2002.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thomas M. Brudvig has committed professional misconduct warranting public discipline, namely, respondent neglected and failed to communicate with clients in eleven different representations, falsely told one client that he had filed a brief, failed to place client funds in his trust account, failed to make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party, failed to comply with a court order, and failed to cooperate with the Director's investigation in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.5(a) and (f), 3.4(c), 4.1, 8.1, and 8.4(c), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is an indefinite suspension for a minimum of 12 months under Rule 15, RLPR. The parties recommend that the reinstatement hearing provided for in Rule 18(a) through (d), RLPR, not be waived, that respondent comply with Rule 26, RLPR, that respondent be required to successfully complete the professional responsibility examination under Rule 18(e), RLPR, and the continuing legal education requirement under Rule 18(e), RLPR, before seeking reinstatement, and that respondent pay costs in the amount of $900 under Rule 24, RLPR. The parties also recommend that upon reinstatement, respondent be placed on supervised probation for a period of two years under the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks of being reinstated to the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor

and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within thirty days after his being reinstated to the practice of law, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with the probation requirements. Respondent shall provide progress reports as requested.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Thomas M. Brudvig is suspended from the practice of law for a minimum period of 12 months, effective 14 days from the date of this order, subject to the agreed-upon conditions set forth above. Upon reinstatement, respondent shall be placed on supervised probation for two years subject to the agreed-upon conditions of probation set forth above. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT
Paul H. Anderson
Paul H. Anderson
Associate Justice